ZINTER, Justice
(concurring).
[¶ 66.] The Court and the dissent emphasize the heightened concerns that exist when juveniles are subject to police interrogation. Both correctly stress the “special care” we take in scrutinizing the record in juvenile cases. On this record, however, I join the Court’s thorough analysis of the totality of the circumstances. I write only to highlight the evidence that, in the final analysis, reflects a knowing *166 and intelligent waiver of Diaz’s Miranda rights.
[¶ 67.] Diaz stated that she did not understand the two improper Miranda ad-visements that Officer Reinesch gave in English. Significantly, Diaz told Reinesch and Officer Soto that she did not understand what had been said by Reinesch because of her limited English. Therefore, Soto stepped in to explain Diaz’s Miranda rights in Spanish. Soto then clearly and concisely advised Diaz of each Miranda right, one by one. And after each right was read, Diaz indicated that she understood that right. What immediately followed is also significant. Soto then clarified for Diaz that questions would pertain to Jasmine. Although Diaz responded by starting to talk about Jasmine, Soto stopped her, to confirm that she wanted to talk. Diaz confirmed she did. Before allowing her to continue, however, Soto further explained that Diaz could be charged as an adult, for “[a]ny charge that results from here”; an explanation Diaz also indicated she understood. Soto finally asked Diaz whether she would like to continue. Diaz responded that she wanted to talk in Spanish “so that [she would not] get confused and say too much or too little.” This conversation between Soto and Diaz — a conversation in Spanish because Diaz did not understand Rein-esch’s advisements in English — is critical. It clearly reflects that Diaz knowingly and intelligently waived her Miranda rights and decided to. speak with the officers about Jasmine. On this record, I join the opinion of the Court.